**Kamila S. FARUKI, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK; Raymond Kelly, Commissioner; New York City Police Department; P.O. Melendez, (Tax Registry No. 927649); P.O. Collin(S); Sgt. Keller; and P.O. Jane Doe, of the 19th Precinct, Defendants–Appellees.**

No. 12–1750–cv.

United States Court of Appeals, Second Circuit.

Feb. 7, 2013.

Amy Rothstein, Doar Rieck Kaley & Mack, New York, NY, for Appellant.

Michael A. Cardozo (Francis F. Caputo, Elissa B. Jacobs, and Karen M. Griffin, on

the brief), Corporation Counsel of the City of New York, New York, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, AMALYA L. KEARSE, and SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Kamila Faruki appeals from the judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*), dismissing her complaint on summary judgment. She challenges the dismissal of three claims brought under 42 U.S.C. § 1983 against New York City Police Officer Melendez: for false arrest, excessive force, and malicious prosecution. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The Court reviews *de novo* a decision on a motion for summary judgment. *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 763 (2d Cir.2002); *see also Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003).

■ 1. Faruki's claim for false arrest fails because Officer Melendez had probable cause to arrest her for trespass. As the district court found, the audio recording of the third 911 call captures the store employee "asking [Faruki] to leave the store." *Faruki v. City of New York*, 10 Civ. 9614 LAP, 2012 WL 1085533, at *5 (S.D.N.Y. Mar. 30, 2012). That he did not explicitly ask Melendez to remove Faruki from the store is irrelevant; he clearly wanted her out, and she could not have thought otherwise. Because "probable cause to arrest constitutes justification and is a complete defense to an action for false arrest," *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996) (internal quotation marks omitted), Faruki's claim fails.

■ 2. Faruki's excessive force claim fails because Faruki does not show that Melendez used any degree of force that was more than necessary to effect a lawful arrest. Officers are entitled to use some degree of force when restraining a suspect during an arrest. *See Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (" 'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973))). The amount of force applied in this case was not excessive.

■ 3. Faruki's malicious prosecution claim also fails because she was not subject to [i] a "deprivation of liberty consistent with the concept of seizure," *Washington v. Cnty. of Rockland*, 373 F.3d 310, 316 (2d Cir.2004) (internal quotation marks omitted), [ii] that "resulted from the initiation or pendency of judicial proceedings," *Murphy v. Lynn*, 118 F.3d 938, 944 (2d Cir.1997). The proceedings against Faruki placed no restriction on her other than a requirement that she appear in court on two occasions—an insufficient deprivation of liberty to support a Fourth Amendment malicious prosecution claim. *See Burg v. Gosselin*, 591 F.3d 95, 101 (2d Cir.2010) ("[A] pre-arraignment, non-felony summons requiring no more than a later court appearance does not constitute a Fourth Amendment seizure."); *cf. Murphy*, 118 F.3d at 942, 946 (concluding that restriction on out-of-state travel and requirement to appear in court eight times constituted sufficient deprivation of liberty for Fourth Amendment purposes).

For the foregoing reasons, and finding no merit in Faruki's other arguments, we hereby **AFFIRM** the judgment of the district court.